**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

BILLY RAY WILLIS,

     Defendant - Appellant.

No. 14-5126
(D.C. No. 4:14-CR-00064-JED-1)
(N.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **MCKAY**, and **BACHARACH**, Circuit Judges.
_____

Mr. Billy Willis pleaded guilty to theft of government property. The district court accepted the plea and sentenced Mr. Willis to 20 months in prison and 3 years of supervised release. His attorney has filed an appellate brief, invoking *Anders v. California*, 386 U.S. 738 (1967). In doing so, Mr. Willis's attorney candidly acknowledges his inability to find any colorable basis to appeal and

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But under some circumstances, citation may be permissible under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

seeks leave to withdraw.[1] We agree with Mr. Willis's attorney, granting leave to withdraw and dismissing the appeal.[2]

As required by *Anders*, we have reviewed the entire appellate record to determine the existence of any non-frivolous appeal points. *Anders*, 386 U.S. at 744. There are none.

## I. Acceptance of the Guilty Plea

Mr. Willis pleaded guilty, and his attorney points out that Mr. Willis has never expressed any desire to withdraw his guilty plea. Mr. Willis signed a petition to enter a guilty plea, stating under oath that he understood he was waiving numerous constitutional rights, that he had committed the crime, and that he had fully discussed the petition with his attorney. After submitting this sworn statement, Mr. Willis orally confirmed under oath that he understood the plea and his waiver of rights. In these circumstances, we lack any reason to question the validity of the guilty plea.

## II. Calculation of the Guideline Range

Mr. Willis's attorney also acknowledges that the district court correctly computed the guideline range as 15 to 21 months. This range appeared in the

---

[1]     The Court gave Mr. Willis an opportunity to file a *pro se* letter or brief after his attorney stated that there were no valid grounds for appeal. Mr. Willis has not filed a letter or brief, and his deadline expired over a month ago.

[2]     Mr. Willis's attorney has not requested oral argument, and the government has not entered an appearance. We have addressed the case on the briefs because oral argument would not be helpful.

probation department's presentence report, and Mr. Willis's trial attorney stated that he did not object to the presentence report. And before the court announced the sentence, Mr. Willis confirmed that he felt comfortable with the contents of the presentence report. In these circumstances, Mr. Willis lacks a colorable basis to challenge the district court's calculation of the guideline range.

## III.    Compliance with the Oral Plea Agreement

A conceivable issue exists regarding the government's stance at sentencing. Before Mr. Willis entered a plea, the government offered in open court to recommend supervised probation in lieu of imprisonment. Change of Plea Tr. at 2-3. After the court took a recess, Mr. Willis agreed to "take the probation offer . . . as presented by the government." *Id.* at 7.

At the sentencing 3½ months later, the government reminded the district court of the prior agreement to recommend probation. The government stated:

> In all candor toward the tribunal, when Mr. Willis plead a few – if the court remembers correctly, this was the case that we were bound to pick a jury that morning. The United States did say at that time that depending on – it was contingent on the presentence report the amount of money lost and Mr. Willis' behavior, that we would recommend a sentence of probation.
>
> That being said, I think some things have changed in the meantime, such as Mr. Willis not – and I know we're not here on that revocation, so at this juncture, Your Honor, the United States will leave it to the discretion of the court on what – to come up with a just and appropriate sentence in this case.

Sentencing Tr. at 6.

3

Because the government did not recommend probation, as promised, Mr. Willis could conceivably appeal based on breach of a plea agreement. If Mr. Willis were to appeal on this ground, we would need to review the issue under the plain-error standard because of the failure to raise the issue in district court. *See United States v. Mendoza*, 698 F.3d 1303, 1309-10 (10th Cir. 2012) (applying the plain-error standard to an appeal based on failure to comply with a plea agreement because of the failure to raise the issue in district court). Under this standard, Mr. Willis would need to show a violation of his substantial rights. *Puckett v. United States*, 556 U.S. 129, 133 (2009). This element would require Mr. Willis to show a reasonable probability that if the government had recommended probation, the result would probably have been different. *Mendoza*, 698 F.3d at 1310.

As Mr. Willis's attorney admits, he cannot satisfy this element of the plain-error standard. The district judge heard the government promise to recommend probation. Months later, at the sentencing, the government reminded the district judge of the promise to recommend probation. Hearing this reminder, the district judge imposed a sentence near the top of the guideline range. In these circumstances, we would conclude that Mr. Willis failed to show a reasonable probability of a lighter sentence if the government had recommended probation. *See Mendoza*, 698 F.3d at 1309-10 (declining to find a violation of substantial rights under the plain-error standard because the district judge was aware of the

4

prosecutor's promise to recommend a sentence near the bottom of the guideline range).

In other circumstances, defendants might argue that they would not have pleaded guilty if they had known the government would not honor its promise to recommend probation. But Mr. Willis cannot make this argument. As noted in the text, his attorney concedes that Mr. Willis does not seek withdrawal of his guilty plea.

If we were to invalidate the plea *sua sponte*, we might be harming Mr. Willis. Before entering a plea, he expressed anticipation that a guilty plea would trigger a 2-point reduction in his base-offense level. Petition to Enter Guilty Plea at 5. The district court awarded this 2-point reduction to Mr. Willis. Sentencing Tr. at 7-8; Presentence Report at 7. Without the 2-point reduction, Mr. Willis's guideline range would have been 21-27 months rather than 15-21 months. Thus, we should be wary of considering the possibility that Mr. Willis would have pleaded not guilty if he had known the government would later decline to recommend probation.

The appellate record discloses no basis to expect a different result if the government had carried out its promise to recommend probation.

## IV.    Length of the Sentence

In addition to considering an issue involving the plea offer, we have considered possible issues involving the length of the sentence. All sentences

must be substantively reasonable. *United States v. Hanrahan*, 508 F.3d 962, 969 (10th Cir. 2007). But sentences within the guideline range are presumed substantively reasonable. *See United States v. Basnett*, 735 F.3d 1255, 1263 (10th Cir. 2013). The record does not reflect any circumstances that would support rebuttal of the presumption.

**V.    Conclusion**

Having considered the entire record, we agree with Mr. Willis's counsel that he lacks any reasonable grounds for an appeal. As a result, we grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

6